IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Eric D. Blackwell, | ) | |
| | ) | CA No. 6:11-1672-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Michael McCall, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Eric D. Blackwell (Blackwell), a state prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) The respondent filed a return to the petition and motion for summary judgment on September 2, 2011. (Dkt. Nos. 12, 13.) This matter is before the court for review of the Report and Recommendation (Report) of the United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina. (Dkt. No. 37.)[1] The Report recommends granting the respondent's motion for summary judgment. The court adopts the Report and grants the motion for summary judgment.

**I.**

The facts and procedural history are set out at length in the Report, which the court adopts. Briefly, Blackwell allegedly, in concert with his then-girlfriend, murdered another individual in Cherokee County. On May 5, 2005, he pleaded guilty to the crime. At the guilty plea, after extensive questioning regarding the voluntariness of the plea, the state circuit judge accepted his

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

plea. Following the trial of his then-girlfriend and co-defendant, Blackwell was sentenced to life in prison. Following his plea, he filed a number of additional actions:

1. Blackwell timely filed a notice of appeal, but his counsel filed an *Anders*[2] brief. His appeal was dismissed by the South Carolina Court of Appeals on October 12, 2007. The remittitur was issued October 30, 2007.

2. Blackwell filed an initial post-conviction relief (PCR) application in the state circuit court on November 1, 2006, while his direct appeal was pending. This PCR application was dismissed without prejudice on May 21, 2007.

3. He filed a second PCR application on July 24, 2008, in which he claimed that his counsel was ineffective and the indictment was invalid. Following an exhaustive evidentiary hearing, his PCR application was dismissed with prejudice on November 4, 2009.

4. He then appealed the denial of his PCR application by way of a *Johnson*[3] petition to the South Carolina Supreme Court. His appellate counsel certified that the appeal was without merit and asked to be relieved. The Supreme Court denied the petition and granted appellate counsel's request. The remittitur was issued May 12, 2011.

Subsequently, Blackwell filed this action on July 7, 2011. He raises the following claims:

> **Ground one: Ineffective Assistance of Trial Counsel**
>
> Supporting facts: (1) Counsel mislead Petitioner to believe by cooperating-pleading guilty and providing testimony against codefendant he would receive the minimum sentence of thirty (30) years imprisonment rather than "Life":

---

[2] *Anders v. California*, 386 U.S. 738 (1967). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

[3] *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

> (2) Counsel abandoned the Petitioner by allowing the prosecuting Solicitor to meet with Petitioner alone (without counsel present) on several occasions while sentencing was still pending.
>
> **Ground Two: "Involuntary, Unknowing, and Unintelligent Guilty Plea."**
>
> Supporting facts: (1) Petitioner was mislead and induced to plead guilty by sentence information provided by trial counsel - and - by the Plea Judge's language relative to deferring sentence until after he co-operated by testimony for the State. (2) Being compelled to plead guilty without a full and complete understanding and knowledge of exculpatory evidence and available defenses based upon the facts and evidence known to defense counsel and the State.

(Dkt. No. 1 at 5–8.) The respondent filed a return and motion for summary judgment on September 2, 2011. (Dkt. Nos. 12, 13.) Following Blackwell's response (Dkt. No. 35), the magistrate judge filed the Report, recommending that the respondent's motion for summary judgment be granted. The magistrate judge reasoned that (1) Ground One was not procedurally barred but that counsel was not ineffective; (2) as to the Ground Two claims about trial counsel, the claims were not procedurally barred but that his guilty plea was made voluntarily and knowingly; and (3) as to the Ground Two claims regarding the plea court, his claims were procedurally barred for failure to raise these issues on direct appeal or in the underlying PCR actions.

### III.

Blackwell timely filed objections to the Report. (Dkt. No. 49.) Of his six objections, Objections Two through –Six merely constitute reiterations of his previous claims. The magistrate judge thoroughly and adequately addressed all issues raised therein, and the court finds no reason

to deviate from the Report. As to Objections Two through –Six, the court adopts in full the reasoning and recommendations of the magistrate judge.

The court is therefore left with Objection One. In the Report, the magistrate judge reasoned that Blackwell had not previously raised the voluntariness of his guilty plea *vis a vis* any allegedly misleading statements proffered by the plea judge. Thus, the magistrate judge stated, this claim is time barred. In this objection, Blackwell argues that the magistrate judge erred in so reasoning because he had previously introduced "this factual issue as an interwoven and inseparable component of misleading inducement associated with the guilty plea and misleading advice of counsel." The court is not persuaded.

The court has reviewed the record, including specifically Blackwell's PCR application and PCR appeal materials, and finds no mention of any allegedly misleading statements by the trial court—until he filed this current petition for a writ of habeas corpus. An issue may not be raised for the first time in a federal habeas petition. Therefore, as the magistrate judge stated, this issue is procedurally barred from review by this court. *See Coleman v. Thompson*, 501 U.S. 722 (1991) (stating that failure to properly appeal issue to state appellate court results in procedural bar on habeas review); *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (stating that failure to appeal issue to state appellate court results in procedural bar on habeas review*)*; *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977) (holding that failure to preserve issue under state law results in procedural bar on habeas review); *Mathews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (holding that issues procedurally defaulted in state court are procedurally barred on federal habeas review).[4]

---

[4] A procedural default may be excused by showing cause for noncompliance with the state rule and actual prejudice resulting from the alleged constitutional violation. *Smith v. Murray*, 477 U.S. at 533 (1986). Blackwell does not raise this issue here.

## IV.

After a thorough review of the Report and the record in this case, the court adopts the Report and incorporates it herein. (Dkt. No. 37.) It is therefore **ORDERED** that the respondent's motion for summary judgment is **GRANTED**. (Dkt. No. 12.) The petitioner's petition for a writ of habeas corpus is **DISMISSED** with prejudice.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

Greenville, South Carolina
September 26, 2012